# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

UNITED STATES     )
            ) CR 7-442
  V.         ) CV 12-366

EDNA GORHAM-BEY

## OPINION AND ORDER

## SYNOPSIS

In this action, a jury convicted Defendant of one count of conspiracy to defraud the United States, in violation of 18 U.S.C. § 286. Defendant was sentenced to a term of imprisonment of 15 months, followed by a term of supervised release. Defendant appealed on grounds of insufficiency of evidence, and the Court of Appeals affirmed. Presently, Defendant has filed a Motion pursuant to 28 U.S.C. § 2255, which she twice amended following notice pursuant to United States v. Miller, 197 F.3d 644 (3d Cir. 1999). [1] The habeas petition and the amendments thereto allege various instances of ineffective assistance of counsel, perjury by a government witness, prosecutorial misconduct, and a sentencing calculation error. For the following reasons, Defendant's Motion will be denied, and no certificate of appealability shall issue.

---

[1] It appears that Defendant has also renewed her request for counsel, citing Martinez v. Ryan, 132 S. Ct. 1309, __ U.S. __, 182 L. Ed. 2d 272 (2012). Martinez, however, does not entitle her to counsel. Instead, Martinez has been found not to apply in this context. See, e.g., Gabe v. United States, No. 412-145, 2012 U.S. Dist. LEXIS 82242 (S.D. Ga. June 13, 2012). For the same reasons stated in my Order dated May 4, 2012, and those stated in the body of today's Opinion, I find that justice does not now require the appointment of counsel for purposes of the instant petition.

## OPINION

## I. APPLICABLE STANDARDS

A district court need not hold an evidentiary hearing on a Section 2255 motion if the motion, files, and records show conclusively that the defendant is not entitled to relief. United States v.Ritter, 93 Fed. Appx. 402 (3d Cir. 2004). Under these standards, a hearing is unnecessary in this case, and the Motion will be disposed of on the record.

Relief is available under Section 2255 only under exceptional circumstances, when the claimed errors of law are "a fundamental defect which inherently results in a complete miscarriage of justice," or "an omission inconsistent with the rudimentary demands of fair procedure." Hill v. United States, 368 U.S. 424, 428, 82 S. Ct. 468, 7 L.Ed. 2d 417 (1962). "A person seeking to vacate his conviction bears the burden of proof upon each ground presented for relief." United States v. Keyes, No. 93-22-2, 1997 U.S. Dist. LEXIS 12109, at *2 (E. D. Pa. Aug. 11, 1997). Conclusory allegations are insufficient to support § 2255 relief. United States v. Atkinson, No. 10-247, 2010 U.S. Dist. LEXIS 54812, at *2 (W.D. Pa. June 4, 2010).

Finally, a pro se pleading is held to less stringent standards than pleadings drafted by attorneys. Estelle v. Gamble, 429 U.S. 97, 106, 97, 97 S. Ct. 285, 50 L. Ed. 2d 251 s. ct. 285, 429 U.S. 97, 97 S. Ct. 285, 50 L. Ed. 2d 251 (1976); Haines v. Kerner, 404 U.S. 519, 520, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972). Thus, a pro se habeas petition should be construed liberally. See Royce v. Hahn, 151 F.3d 116, 118 (3d Cir. 1998). I have considered Defendant's Motion according to these standards.

## II. DEFENDANT'S MOTION

### A. INEFFECTIVE ASSISTANCE OF COUNSEL

To demonstrate that counsel was ineffective, a defendant must show that counsel's performance fell below a "wide range of professionally competent assistance," and also that the deficient conduct prejudiced defendant. Strickland, 466 U.S. at 687. Counsel's conduct must be assessed according to the facts of the particular case, viewed as of the time of counsel's conduct. Id. at 689. In light of the wide array of circumstances faced by counsel, and the range of legitimate decisions regarding how best to represent a defendant, Strickland's inquiry turns on whether counsel's assistance was reasonable considering all the circumstances. Wong v. Belmontes, 130 S. Ct. 383, 385, _ U.S. _, 175 L. Ed. 2d 328 (2009).

Under the prejudice prong, the pertinent question is "whether there is a reasonable probability that, absent the errors," the result would have been different. Strickland, 466 U.S. at 695; see also Gray, 878 F.2d at 709-13. A "reasonable probability" is one that is "sufficient to undermine confidence in the outcome." Strickland, 466 U.S. at 694. Speculation as to "whether a different . . . strategy might have been more successful" is not enough. Lockhart v. Fretwell, 506 U.S. 364, 113 S. Ct. 838, 843-44, 122 L. Ed. 2d 180 (1993). The prejudice prong of Strickland rests on "whether counsel's deficient performance renders the result of the . . . proceeding fundamentally unfair," or strips the defendant of a "substantive or procedural right to which the law entitles him." Id. at 844. A court need not consider both components of Strickland, if there is an insufficient showing on one or the other. Strickland, 466 U.S. at 697. If a claim fails either prong, it cannot succeed. Id. at 697.

In the context of an ineffective assistance of counsel claim, a court should be "highly deferential" when evaluating an attorney's conduct; there is a "strong presumption" that the attorney's performance was reasonable. Strickland v. Washington, 466 U.S. 668, 689 (1984). "It is... only the rare claim of ineffectiveness of counsel that should succeed under the properly

3

deferential standard to be applied in scrutinizing counsel's performance." United States v. Gray, 878 F. 2d 702, 711 (3d Cir. 1989). In order to fairly assess attorney performance, a court must make "every effort…to eliminate the distorting effects of hindsight…." Douglas v. Cathel, 456 F. 3d 403, 420 (3d Cir. 2006). Both trial and appellate counsel are governed by the same standards. See Smith v. Robbins, 528 U.S. 259, 285-86, 120 S. Ct. 746, 145 L. Ed. 2d 756 (2000).

### 1. Trial Preparation

First, Defendant asserts that counsel was inadequately prepared for trial, because he failed to subpoena certain notary records from the prison. Defendant proffers that inmates who were involved in the tax scheme had notarized statements that authorized her to negotiate what they represented to be payment from a reparations settlement.[2] Presumably, Defendant believes that this evidence would tend to prove that she did not know that she was participating in a tax scheme.

A court "should allow a wide range of latitude for counsel's tactical and strategic decisions." DeJesus v. United States, No. 05-939, 2005 U.S. Dist. LEXIS 34220, at *8 (D.N.J. July 15, 2005). Thus, a court generally will not second-guess counsel's discretionary decisions that are well within the range of reasonable judgments. United States v. Gordon, 335 Fed. Appx. 236, 240 (3d Cir. 2009). Here, Defendant has not demonstrated prejudice due to the lack of the described documents. As the Court of Appeals suggested, the record was "replete" with evidence of Defendant's involvement in the conspiracy, the sum of which permitted the inference that Defendant "knew of, intended to join, and voluntarily participated in" the conspiracy charged. United States v. Gorham-Bey, 419 Fed. Appx. 185, 188 (3d Cir. 2011)

---

[2] Notably, it appears that Defendant previously asserted, in her Motion to Dismiss due to Pre-Indictment Delay, that these documents had been lost. I denied the Motion by Order dated October 16, 2008, finding that "defendant has failed to demonstrate actual, substantial prejudice…."

4

(recounting evidence at trial). Moreover, Defendant does not suggest that counsel's failure to seek records from the prison was not part of any strategy, or was part of an unsound strategy. Under the circumstances, I simply cannot find a reasonable probability that the documents, if sought and proffered as evidence, would have altered the outcome at trial. To conclude otherwise would call for a wholly impermissible level of speculation. Even assuming that counsel's failure to obtain the records was deficient, that failure did not result in a fundamentally unfair trial.

### 2. Continuances

Second, Defendant asserts that counsel failed to acknowledge her plea for a speedy trial, and that she did not consent to continuances of the trial. There is no factual dispute regarding Defendant's disagreement with some of counsel's choices; indeed, counsel presented Defendant's objections, written in her own hand, to the Court. Therein, Defendant objected to the granted continuances due to her continuing health issues. Moreover, counsel and Defendant presented these issues to the Court at the time of the pretrial motions hearing on October 16, 2008.[3] In particular, Defendant expressed disagreement with the eighteen-day continuance sought on July 7, 2008, and the sixty-day continuance sought by her co-defendant on July 23, 2008.

The Speedy Trial Act expressly allows a continuance "at the request of defendant or his counsel," 18 U.S.C. § 3161(h)(&)(A); thus, a continuance that is not approved by a defendant is not grounds for a violation. United States v. Mayfield, 361 Fed. Appx. 425, 428 (3d Cir. 2010). Instead, "[r]eadiness for trial is a matter as to which the involved professionals' considered judgment is properly given expression within the confines of the Act." United States v. Russell,

---

[3] At that hearing, Defendant referred to a sixty-day extension granted her co-defendant, the motion for which mentioned his counsel's scheduled vacation and stated counsel's need for additional time to confer with his client prior to filing pretrial motions.

No. 10-186, 2011 U.S. Dist. LEXIS 110470, at *13 (E.D. Pa. Sept. 27, 2011). Accordingly, a defendant's consent "is not a prerequisite to an efficacious continuance under the statute." Id. *12. Indeed, "the defendant's consent, or lack thereof, to a continuance requested by defense counsel is irrelevant for Speedy Trial Act purposes." United States v. Tulu, 535 F. Supp. 2d 492, 500 (D.N.J. 2008). Moreover, delays resulting from continuances may be excluded from the speedy trial clock if the judge finds, and records, that the ends of justice served by the continuance outweigh the best interest of the public and the defendant in a speedy trial. See Bloate v. United States, 130 S. Ct. 1345, 1355, 176 L. Ed. 2d 54 (2010).

In addition to the Speedy Trial Act, it is possible that Defendant claims that counsel's ineffectiveness resulted in a Sixth Amendment violation. Sixth Amendment standards require that I balance the length of the delay, the reason for the delay, the defendant's assertion of the right, and prejudice to the defendant. Barker v. Wingo, 407 U.S. 514, 33 L. Ed. 2d 101, 92 S. Ct. 2182 (1972). Delays attributable to continuances sought by co-defendants weigh against finding a speedy trial violation. See United States v. Steele, 2011 U.S. Dist. LEXIS 30560, at *8 (W.D. Pa. Mar. 24, 2011).

A brief timeline is in order. Here, an indictment was filed against Defendant in December, 2007, her initial appearance before a Magistrate Judge occurred at the end of May, 2008, counsel was appointed in June, 2008, and trial commenced in October, 2008. Her counsel filed two motions for continuances, in order to prepare pretrial motions. Previously, Defendant suggested that she did not oppose the first continuance, which resulted in an extension of one month. The latter continuance, which was unauthorized by Defendant, sought an extension of eighteen days. In both cases, I found that the ends of justice were served by the granting of the continuances; the reasons for the extensions were not deemed frivolous. The remaining delay

6

was attributable to a continuance sought by her co-defendant, to extend the time for filing pretrial motions by sixty days, and not to the conduct of Defendant's own counsel. Again, this extension was granted in a so-called "ends of justice" Order. Later requests for continuances, made by her co-defendant and by Defendant, were denied. Additionally, Defendant joined in her co-defendant's motions. Thus, the total unconsented-to continuances, which were excludable under the Speedy Trial Act, accounted for less than three months of delay; the total time between indictment and trial was less than one year.

Seeking or failing to object to the relatively brief continuances at issue, both for Defendant's own pretrial preparation and to join in any benefits that might be afforded by a co-defendant's pretrial efforts, cannot be deemed ineffective under the circumstances. "[I]t is within counsel's purview to determine whether a continuance is in the best interest of his client." United States v. Young, 2011 U.S. Dist. LEXIS 104278, at *17 (E.D. Pa. Sept. 12, 2011). Defendant's counsel made use of the time allotted him. He filed six pretrial motions, including the aforementioned Motion to Dismiss on speedy trial grounds, which incorporated Defendant's pro se objections to the continuances. He advised the Court that he held Defendant's pro se motions until the time that pretrial motions were due. Moreover, the pretrial motion hearing transcript reflects that counsel was involved in discussions with the Government at that time. Accordingly, the reasons for the continuances were legitimate. The mere fact of Defendant's disagreement therewith is not dispositive, and she offers nothing else to suggest that counsel's conduct fell below applicable standards. Similarly, because counsel's conduct with respect to the continuances was not unreasonable, he was not ineffective for waiting until pretrial motions were due to bring Defendant's disagreement therewith to the Court's attention.

Moreover, Defendant does not assert that the continuances caused her any type of prejudice within the meaning of Strickland. Defendant does not now contend that any consequence of the delay affected the outcome of her trial, prejudiced her defense, or prejudiced her in any other cognizable way.[4] "[A] certain amount of anxiety and other forms of personal prejudice to the accused is inevitable in a criminal case," and Defendant has not demonstrated that her continuing ill-health was unusually or unacceptably affected by the brief delay that she now challenges. Cf. United States v. Dreyer, 533 F.2d 112, 116 (3d Cir. 1976). For all of these reasons, Defendant's objections are not dispositive of either the speedy trial or ineffective counsel issue. Instead, under the circumstances here presented, Defendant's claim must fail.

### 3. Failure to Call Co-Defendant as Witness

Next, Defendant contends that counsel was ineffective for refusing to call her co-defendant to testify at her trial, although she requested that he do so. According to Defendant, counsel met with the co-defendant, and then decided not to call him as a witness. She asserts that her co-defendant "admitted to being a part of the scheme, [and his] testimony could have exonerated her." Indeed, her co-defendant pleaded guilty to conspiring with Defendant; she does not explain the substance of the testimony that she believes he would have proffered, or how it would have affected the outcome of the trial. Defendant's conclusory speculation regarding the benefits of a co-defendant's possible, undefined testimony, when that co-defendant specifically admitted to conspiring with her, simply does not meet Strickland's requirements. Indeed, it is self-evident that the testimony of an admitted co-conspirator has the potential to damage one's case. In any event, "[c]ounsel's failure to call a witness is precisely the sort of strategic trial decision that Strickland protects from second-guessing." Henderson v. DiGuglielmo, 138 Fed.

---

[4] Neither party requested a severance. Both Defendant's counsel and the Court agreed, at the pretrial motions hearing, that there was no "real basis" for severance. Moreover, as I apprised Defendant at her pretrial motions hearing, in all likelihood, a request for severance would have been denied.

Appx. 463, 469 (3d Cir. 2005). Under the circumstances, there are no grounds for concluding that counsel's decision in this regard fell below an objective standard of reasonableness, or prejudiced Defendant as required by applicable standards. She is not entitled to habeas relief on those grounds.

### 4. Prosecutorial Misconduct

Next, I reach Defendant's argument that Government counsel, during closing arguments, improperly mentioned that she was in jail. She suggests that her attorney should have objected, and that the failure to do so prejudiced her. The objected-to statement reads as follows: "The fact of the matter is that those persons in jail, Brooks, Lloyd El, Edna Gorham-Bey, had any right to do anything with that money." In the first instance, the statement is arguably ambiguous; one would not necessarily interpret this as a statement that Defendant was incarcerated. In any event, "[t]he standard of review for assessing prosecutorial comments is a narrow one in which 'the relevant question is whether the prosecutors' comments 'so infected the trial with unfairness as to make the resulting conviction a denial of due process.'" Darden v. Wainwright, 477 U.S. 168, 181, 91 L. Ed. 2d 144, 106 S. Ct. 2464 (1986) (citation omitted). In considering this standard, I view the comment in light of the evidence at trial. See White v. Beard, No. 10-547, 2011 U.S. Dist. LEXIS 57864, at *79 (E.D. Pa. Mar. 22, 2011).

At issue here is a single comment, made during relatively lengthy closing arguments and following the presentation of substantial evidence against Defendant. Moreover, as the Government points out, the trial involved evidence that Defendant was assisting prisoners from outside of prison. Finally, had counsel objected, and that objection been sustained, the result would have been a curative instruction to the jury. This was accomplished in any event, as this Court clearly instructed the jury that counsel's statements and arguments are not evidence to be

considered in reaching a verdict. In context, the comment is clearly not sufficiently egregious to have deprived Defendant of a fair trial, and counsel's failure neither fell below applicable standards of performance nor caused Defendant any prejudice.

### 5. Appellate Counsel

Defendant suggests that appellate counsel was ineffective, because she communicated with Defendant only in writing, and those communications were "shallow at best." Defendant further contends that counsel failed to consider the arguments – presumably those set forth in the present habeas petition -- which Defendant raised with her. As regards appellate counsel specifically, it is sufficient for her to have raised those claims which she reasonably believed had the best chance of succeeding, even if other possible claims existed. See Sistrunk v. Vaughn, 96 F. 3d 666, 670 (3d Cir. 1996). Counsel is required to exercise professional judgment with respect to an appeal. Id. Accordingly, in order to be effective, appellate counsel need not raise every possible claim on appeal. Sistrunk v. Vaughn, 96 F. 3d 666, 670 (3d Cir. 1996); Kane v. Kyler, 201 F. Supp. 2d 392, 399-400 (E.D. Pa. 2001). Moreover, the question is not whether Defendant would prevail on remand, but whether the Court of Appeals would likely have reversed and remanded had the issue been raised on appeal. United States v. Mannino, 212 F. 3d 835, 844-45 (3d Cir. 2000).

Limited or shallow communications from counsel are not the equivalent of ineffective representation, and Defendant does not explain how any deficiency in communication prejudiced the appeal. Due to the enumerated weaknesses in Defendant's present claims of error, it was not unreasonable for appellate counsel to decline to press those claims. Moreover, ineffective assistance of counsel claims are properly raised in a habeas proceeding, rather than on direct

appeal. Accordingly, appellate counsel cannot have been ineffective for failing to raise those claims. Moreover, also for those reasons, any such failure did not work the required prejudice.

## B. REMAINING CLAIMS

Next, Defendant alleges perjury by a Government witness, and a sentencing miscalculation. It is not entirely clear whether she intends to claim that counsel was ineffective in these respects, or whether she intends to mount direct challenges to the alleged errors. Accordingly, in the interest of thoroughness, I will separately address each potential avenue as to both challenges.

### 1. Ineffective Assistance

#### a. Witness Perjury

With regard to her perjury argument, Defendant contends that a Government witness claimed that he could identify Defendant based on a prior encounter at which Defendant claims she was not present. Even accepting the accuracy of her contention, Defendant cannot demonstrate a reasonable probability that the outcome of the trial would have been different had the witness testified differently. Again, as the Court of Appeals recounted, trial evidence other than this testimony permitted the inference that Defendant knowingly participated in the conspiracy charged. Indeed, Defendant claims primarily that the testimony prejudiced her because it mentioned a raid on her home five years prior to trial; the import of that prejudice is not apparent. In sum, there is no basis for concluding that the testimony caused her prejudice, within the meaning of Strickland. Moreover, Defendant does not contend that her counsel acted improperly with regard to this witness. Indeed, she does not contend that he knew of any alleged perjury, and inconsistency between two witnesses' testimony is insufficient to establish perjury.

11

See United States v. Mangiardi, 173 F. Supp. 2d 292, 307 (M.D. Pa 2001).  Accordingly, this claim fails at both prongs of Strickland.

### b. Sentencing Error

Next, Defendant contends that this Court improperly rejected her contention, at sentencing, that a three-point enhancement should not be added to her criminal history score. She argues that she was not incarcerated for the entire sentence imposed for the prior conviction giving rise to those points.  The sentencing guidelines direct the Court to add three points for each prior sentence of imprisonment exceeding a year and a month.  U.S.S.G. §4A1.1(a). Additionally, such points are based on the sentence pronounced, and not the length of time served.  U.S.S.G. § 4A1.2 cmt., app. note 2 (1997).  This applies to any sentence that was imposed within fifteen years of the defendant's commencement of the offense at bar, or which, whenever imposed, resulted in the defendant being incarcerated during any part of that fifteen-year period.  §4A1.1(e).  Here, Defendant was convicted in 1986, and received a sentence of ten years imprisonment for the prior conviction.  She was released from prison in 1988.  The conspiracy for which Defendant was charged and convicted ran from 2002 to April of 2003. Counsel and Defendant raised this issue during her sentencing hearing on February 13, 2009, and I determined that the three points were applicable.  Counsel was not ineffective with respect to the point calculation, and Defendant is not entitled to relief on that basis.

### 2. Direct Challenge

Finally, I address Defendant's sentencing and other claims to the extent that they are not grounded in ineffective assistance of counsel.[5]  "A section 2255 petition is not a substitute for an

---

[5] Even absent procedural default and ineffective assistance of counsel, her claim regarding perjury would fail. Perjured testimony, standing alone, is insufficient to create a Section 2255 issue.  United States v. Derosier, 141 F. Supp. 397, 401 (W.D. Pa. 1956).  Instead, if the Government uses perjured testimony, knew or should have known it was perjured, and the testimony creates a fundamental defect in the entire trial, habeas relief may be appropriate.

appeal." Government of V.I. v. Nicholas, 759 F.2d 1073, 1074 (3d Cir. 1985). If a defendant failed to raise a claim on appeal, she may raise it collaterally only if she demonstrates cause and prejudice. See, e.g., Massaro v. United States, 538 U.S. 500, 504, 123 S. Ct. 1690, 155 L. Ed. 2d 714 (2003). "Cause" for the default must be "an occurrence beyond a petitioner's control that cannot be fairly attributed to him." United States v. Rishell, No. 97-294-1, 2001 U.S. Dist. LEXIS 21536, at *29 (E.D. Pa. Dec. 21, 2001). "Additionally, prejudice must be substantial, such that the integrity of the entire proceeding is infected." Id. at *30. In this case, Defendant did not raise her non-ineffective-assistance claims on direct appeal. She has not demonstrated any cause for failing to do so, and, as discussed supra, inadequate performance by counsel does not excuse the default. Moreover, for the reasons also discussed supra, she has not demonstrated the required prejudice. Thus, to the extent that the claims rest on grounds other than ineffective assistance, they are procedurally defaulted.

## II. CERTIFICATE OF APPEALABILITY

Under 28 U.S.C. § 2253(c)(2), a "certificate of appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right." For the reasons stated above, Defendant has not made such a showing. Therefore, a certificate of appealability will not issue.

## CONCLUSION

In sum, Defendant has procedurally defaulted her claims, or has failed to meet both prongs of Strickland, under standards applicable in this context. Thus, after careful consideration, her Motion will be denied, and no certificate of appealability shall issue.

An appropriate Order follows.

United States v. Jones, 832 F. Supp. 2d 519, 534 (E.D. Pa. 2011). In this case, Defendant does not allege that the Government knew or should have known of the witness' alleged perjury, and alleges no facts or circumstances that would make it likely that the Government possessed that knowledge.

**ORDER**

AND NOW, this _2nd_ day of August, 2012, it is hereby ORDERED, ADJUDGED, and

DECREED that Defendant's Motion to Vacate [188] is DENIED, and no certificate of

appealability shall issue.

BY THE COURT:

_Donetta W. Ambrose_

Donetta W. Ambrose

Senior Judge, U.S. District Court